UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| HENLEY MINING, INC., | ) | |
| | ) | Civil No. 6:17-cv-00092-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| DAVID E. PARTON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

It's rare, but sometimes a Federal Court declines to decide a case that it otherwise could resolve. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). For the reasons set out below, this is one of those cases and, consequently, the Defendant's Motion to Dismiss [R. 7] will be **GRANTED**.

**I**

Defendant David Parton and his two brothers were equal owners and directors in three corporations: Parton Bros. Contracting, Inc.; Bud Equipment, Inc.; and Pine Mtn. Security, Inc. [R. 7-1 at 2.] On or around March 2015, David Parton and his brothers closed and consolidated their businesses into Henley Mining, Inc. [R. 7-1 at 2.] Through dissolution of certain corporations, "a substantial portion of the Corporations' cash and distribution in-kind of certain assets to Defendant and the Brothers." [*Id.*] Parton strongly disagreed with merging the corporations into Henley Mining and registered his dissenting vote at a Special Shareholders Meeting in October 2016. [*Id.*] After the merger, the Corporations paid Parton what they considered an accurate amount of money pursuant to the Dissenters' Rights Statute, but Parton challenged the amount owed to him. [*Id.*]

Henley Mining, Inc. filed this Complaint seeking a determination of fair value pursuant to Kentucky's Dissenters' Rights statutes, Ky. Rev. Stat. Ann. § 271B.13-010. As David Parton is a resident of Virginia, Henley Mining is incorporated in Kentucky, and the amount in controversy exceeds $75,000, neither party disputes that this Court possesses diversity jurisdiction. [R. 8 at 2.] However, Parton requests this Court abstain pursuant to the *Burford* doctrine.

## II

Based on principles of federalism and comity, "[a]bstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002) (internal quotations omitted) (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). One line of abstention this Court can consider was articulated first in *Burford*, where the Supreme Court asked: "[a]ssuming that the federal district court had jurisdiction, should it, as a matter of sound equitable discretion, [decline] to exercise that jurisdiction here?" *Burford v. Sun Oil Co.*, 319 U.S. 315, 317–18, 63 S. Ct. 1098, 1099, 87 L. Ed. 1424 (1943). Courts ask two questions to determine *Burford* abstention. First, does "a case present[] difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" and second, would the "exercise of federal review of the question in a case and in similar cases [] be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern"? *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002) (internal quotations omitted).

*Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 659 (6th Cir. 2002), is decisive in this matter. In *Caudill*, Plaintiffs were shareholders who "requested that Defendant Eubanks Farms,

Inc. be dissolved pursuant to Ky.Rev.Stat. § 271B.14[1]." *Id.* As in the current case, Plaintiffs

brought suit in federal court according to diversity jurisdiction and Defendant moved to dismiss

the complaint based on the *Burford* doctrine. *Id.* The District Court abstained and the Sixth

Circuit upheld the abstention. *Id.* The Sixth Circuit noted that a corporation is "itself a creature

of state law" and, specifically, "the Kentucky Legislature has enacted a comprehensive

legislative scheme to govern businesses which elect to incorporate in the state." *Caudill v.*

*Eubanks Farms, Inc.*, 301 F.3d 658, 664–65 (6th Cir. 2002); *see also Cammack New Liberty,*

*LLC v. Int'l Greetings USA, Inc.*, 653 F. Supp. 2d 709, 714 (E.D. Ky. 2009); *Hunter v. SMS, Inc.*,

843 F.2d 1391 (6th Cir. 1988) (holding that Michigan had "a substantial and overriding interest

in the regulation of corporations seeking the benefits and protections of its laws and the privilege

of doing business within its borders).

      The instant case is exactly the type of case *Burford* imagined and the Sixth Circuit

explicitly adopted in *Caudill*. The two *Burford* questions are answered affirmatively, as this case

presents a difficult question of state law bearing on policy concerns and exercising jurisdiction

would be disruptive of state efforts to maintain a coherent policy. *Caudill*, 301 F.3d at 664. The

Dissenter's Statute, as part of the body of laws that govern corporations in Kentucky, is the only

cause of action in this case. Kentucky Legislators have "enacted a comprehensive legislative

---

[1] 271B.14-300 reads: "Procedure for judicial dissolution. (1) Venue for a proceeding by the Attorney General to dissolve a corporation shall lie in Franklin County. Venue for a proceeding brought by any other party named in KRS 271B.14-300 shall lie in the county where a corporation's principal office (or, if none in this state, its registered office) is or was last located. (2) It shall not be necessary to make shareholders parties to a proceeding to dissolve a corporation unless relief is sought against them individually. (3) A court in a proceeding brought to dissolve a corporation may issue injunctions, appoint a receiver or custodian pendente lite with all powers and duties the court directs, take other action required to preserve the corporate assets wherever located, and carry on the business of the corporation until a full hearing can be held.

scheme to govern businesses which elect to incorporate in the state," including the Dissenter's

Statute, and Kentucky courts are best suited to determine the fair market value in this case.

*Caudill*, 301 F.3d at 664. Though this Court could maintain jurisdiction due to diversity, it

appears virtually no federal court has exercised jurisdiction in Dissenter Right cases such as this

and this Court declines to do so now. Further, as all actions are dismissed and this Court has not

been provided any authority as to why it should stay rather than dismiss this case, this case will

be dismissed without prejudice.

## III

Accordingly, having considered the record, applicable law, and the arguments of the

parties, the Court hereby **ORDERS**:

1.   Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED** [R. 7];

2.   This case will be stricken from the court's active docket; and

3.   This case is **DISMISSED WITHOUT PREJUDICE**.

This the 28th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge