UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

HENLY MINING, INC.,      )
     )
     Plaintiffs,      )      Civil No: 6:17-cv-00092-GFVT
     )
V.      )
     )      **MEMORANDUM OPINION**
DAVID E. PARTON,      )      **&**
     )      **ORDER**
     Defendant.      )
     )

*** *** *** ***

Plaintiff Henley Mining, Inc., seeks reconsideration of this Court's order invoking *Burford* abstention in this matter. [R. 11.] Henley Mining asks that this Court amend its previous Order, withdraw abstention, reaffirm the Court's jurisdiction, order Defendant David E. Parton to file his responsive pleading, and restore this action to the active docket. *Id.* In considering the Motion to Dismiss [R. 7], abstention was raised initially by the Court and not by the parties. Now, with the benefit of full briefing on the issue, and for the reasons stated below, Plaintiff's motion is **GRANTED**.

**I**

Defendant David Parton and his two brothers were equal owners and directors in three corporations: Parton Bros. Contracting, Inc.; Bud Equipment, Inc.; and Pine Mtn. Security, Inc. [R. 7-1 at 2.] On or around March 2015, David Parton and his brothers closed and consolidated their businesses into Henley Mining, Inc. [R. 7-1 at 2.] The Parton brothers partially dissolved certain corporations by distributing, "a substantial portion of the Corporations' cash and distribution in-kind of certain assets to Defendant and the Brothers." *Id.* Mr. Parton strongly

disagreed with merging the corporations into Henley Mining and registered his dissenting vote at a Special Shareholders Meeting in October 2016.  *Id.*  After the merger, the Corporations paid Mr. Parton what they considered an accurate amount of money pursuant to the Dissenters' Rights Statute, but Mr. Parton challenged the amount owed to him.  *Id.*

Henley Mining, Inc. filed a Complaint in diversity in this Court seeking a determination of fair value pursuant to Kentucky's Dissenters' Rights Statutes.  *See* Ky. Rev. Stat. Ann. §271B.13-010.  In May, 2017, Mr. Parton filed a motion to dismiss the case on the grounds that this Court lacked subject matter jurisdiction.  [R. 7.]  After considering the motion, applicable law, and the arguments of the parties, the Court elected to abstain from hearing the controversy, invoking the doctrine of *Burford* abstention.  [R. 10.]  Now, Henley Mining has moved this Court to reconsider its previous ruling, on the grounds that the Court made a clear error of law. *Id.*

## II

### A

A motion to alter or amend a judgment under Rule 59(e) "may be granted if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *Culver v. CCL Label, Inc*., 455 F. App'x 625, 631 (6th Cir. 2012) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  The purpose of Rule 59(e) is to allow the district court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks omitted).  A Rule 59(e) motion, however, "is not an opportunity to re-argue a case," and "does not permit parties to reargue a case."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)

(citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).  Motions to alter or amend a

judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted."  *Marshall v.*

*Johnson*, 2007 WL 1175046, *2 (W.D. Ky. April 19, 2007).  Whether to grant or deny a Rule

59(e) motion is within the discretion of the trial court. *GenCorp., Inc. v. Am. Int'l Underwriters,*

178 F.3d 804, 832 (6th Cir.1999); *Spigelman v. Samuels*, 2013 WL 1898268, at *2 (E.D. Ky.

May 7, 2013).

## B

Abstention is likewise "extraordinary."  As this Court has noted before, based on

principals of federalism and comity, "[a]bstention is an extraordinary and narrow exception to

the duty of a District Court to adjudicate a controversy properly before it." *Caudill v. Eubanks*

*Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002) (internal quotations omitted) (quoting *Colorado*

*River Water Conservation Dist. v. United States,* 424 U.S. 800, 813 (1976)).  To abstain under

*Burford*, specifically, this Court must answer two questions in the affirmative.  First, does "a

case present[] difficult questions of state law bearing on policy problems of substantial public

import whose importance transcends the result in the case then at bar" and second, would the

"exercise of federal review of the question in a case and in similar cases [] be disruptive of state

efforts to establish a coherent policy with respect to a matter of substantial public concern"?

*Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002) (internal quotations omitted).

But in addition to simply answering those questions, the Court must also "balance[] the

strong federal interest in having certain classes of cases . . . adjudicated in federal court" against

the interests of the State.  *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co., et al.*,

621 F.3d 554, 562 (6th Cir. 2010) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728

(1996)).  Diversity jurisdiction, in and of itself, represents a "strong" federal interest that must be

weighed against a state's interests. *See id.* at 564. "The state interests that may be deemed to outweigh the federal interest must stem from the need to maintain uniformity in the treatment of an essentially local problem, and the need to retain local control over difficult questions of state law bearing on policy problems of substantial public import." *Id.* (citing *Quackenbush*, 517 U.S. at 728). Very rarely does the balance favor abstention. *Id.*

In its previous Order invoking *Burford* abstention, this Court relied heavily on *Caudill v. Eubanks Farms* to the exclusion of other Sixth Circuit precedent. [*See* R. 10.] The Court invoked *Burford* abstention sua sponte and without briefing, and the balancing test articulated in *Cleveland Housing* was not before the Court. This, Henley Mining contends, amounts to a clear error of law under Rule 59(e). Upon review of the pleadings and applicable law, and with the aid of the briefing [R. 11; R. 12; R. 13] by the parties, this Court agrees that the teaching of the Sixth Circuit cases counsels against abstention.

Previously, this Court answered only the two questions posed by *Caudill* before deciding to abstain under *Burford*; namely does "[the] case present[] difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" and second, would the "exercise of federal review of the question in a case and in similar cases [] be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern"? *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002) (internal quotations omitted). But having answered those questions in the affirmative, the Court then failed to undergo the necessary balancing test outlined in later case *Cleveland Housing v. Deutsche Bank*. *See Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554 (6th Cir. 2010). The "clear error of law" asserted by Henley

4

Mining is not that the Court weighed federal and state interests improperly, but that it failed to weigh them at all.

Had the Court weighed those interests, this Court would have reached a different conclusion, finding that the interests of the federal courts outweigh those of the state of Kentucky. The federal interest at stake is an interest in adjudicating disputes brought before the Court on the basis of diversity jurisdiction. The Sixth Circuit has held that this interest, by itself, amounts to a strong federal interest that, when weighed against the relevant state interest, results in a balance that only rarely favors abstention. *See Cleveland Housing,* 621 F.3d at 562. As previously noted, "the state interests that may be deemed to outweigh the federal interests must stem from the need to maintain uniformity in the treatment of an essentially local problem, and the need to retain local control over difficult questions of state law bearing on policy problems of substantial public import." *Id.* at 564 (quoting *Quackenbush*, 517 U.S. at 728). It is far from clear that Kentucky's interest in determining fair market value in Dissenter's Rights actions meets that criteria.

In affirming the district court's decision to abstain, the Sixth Circuit in *Caudill* placed great weight on the fact that the subject of suit was a corporate dissolution. A corporation "depends upon state law for its existence," which "prevents [federal courts] from terminating the life of the corporation." *Caudill*, 301 F.3d at 664. But here, the Court is not asked to determine whether a Kentucky corporation should be dissolved; Parton Bros. Contracting, Inc., Bud Equipment, Inc., and Pine Mtn. Security, Inc. have already been dissolved. What is at issue now is the fair market value of Defendant David E. Parton's shares of those corporations just before they were merged into Henley Mining. Even *Caudill* counsels federal courts "against abstaining in corporate actions *unless the very existence of a corporation*—itself a creature of state law—is

called into question." *Id.* (emphasis added). This distinction was not considered by the Court in its earlier decision to abstain.

In addition, for this Court to render a final judgement in this matter would not impede the uniform application of Kentucky policy. The Kentucky Dissenters' Rights statutes are intended to "protect minority shareholders in a corporation from majority overreaching." *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542, 552 (Ky. 2011). Said differently, Kentucky has a policy of protecting the rights of minority shareholders who disagree with certain actions of the majority. That policy is effectuated through the judicial mechanism contemplated in Kentucky Revised Statute § 271B.13-300, which requires a court to assess the fair value of the dissenter's shares of the corporation. Ky. Rev. State. Ann. §271B.13-300(1) ("If demand for payment under KRS 271B.13-280 remains unsettled, the corporation shall commence a proceeding within sixty (60) days after receiving the payment demand and petition the court to determine the fair value of the shares and accrued interest."). As Henley Mining points out, the law that governs the fair value determination in Kentucky is well settled. *See Shawnee Telecom Resources, Inc. v. Brown*, 354 S.W.3d 542 (Ky. 2011). In *Shawnee Telecom*, the Kentucky Supreme Court elucidated the meaning of "fair value" as used in Subtitle 13 of Kentucky's Business Corporation Act, and explained how such a determination is to be made. *See id.* at 548. Mr. Parton posits no reason, and the Court can think of none, why this Court would be unable to follow the law as explained in *Shawnee Telecom* in the same manner as a Kentucky state court.

### III

Relief under Rule 59(e) is extraordinary, but not more extraordinary than *Burford* abstention—the "extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706,

728 (1996) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).  It was error for this Court not weigh the federal and state interests at stake as required by *Cleveland Housing.*  The interests of the state of Kentucky have now been appropriately weighed, and are found wanting.

For the foregoing reasons, and being otherwise sufficiently advised, the Court hereby

**ORDERS:**

1.      Plaintiff's Motion to Amend the Court's Order [R. 11] is **GRANTED**;

2.      The Court's Order [R. 10] invoking *Burford* abstention is **VACATED;**

3.      This action is **RESTORED** to the active docket; and

4.      The Court shall reconsider Defendant David E. Parton's Motion to Dismiss.  **[R. 7.]**  A subsequent order reaching the merits of that motion shall issue at a later date.

This the 5th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge