UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| HENLEY MINING, ) <br> ) <br> INC., Plaintiffs, ) <br> ) <br> V. ) <br> ) <br> DAVID E. PARTON, ) <br> ) <br> Defendant. ) <br> ) | Civil No: 6:17-cv-00092-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This Court recently granted Plaintiff Henley Mining's Motion to Reconsider [R. 11] the Court's earlier order invoking *Burford* abstention. Now, the Court turns to the motion from which it previously abstained: Defendant David E. Parton's Motion to Dismiss. [R. 7.] For the following reason, the motion is **DENIED**.

**I**

Defendant David Parton and his two brothers were equal owners and directors in three corporations: Parton Bros. Contracting, Inc.; Bud Equipment, Inc.; and Pine Mtn. Security, Inc. [R. 7-1 at 2.] On or around March 2015, David Parton and his brothers closed and consolidated their businesses into Henley Mining, Inc. [R. 7-1 at 2.] The Parton brothers partially dissolved certain corporations by distributing, "a substantial portion of the Corporations' cash and distribution in-kind of certain assets to Defendant and the Brothers." *Id.* Mr. Parton strongly disagreed with merging the corporations into Henley Mining and registered his dissenting vote at a Special Shareholders Meeting in October 2016. *Id.* After the merger, the Corporations paid

Mr. Parton what they considered an accurate amount of money pursuant to the Dissenters' Rights Statute, but Mr. Parton challenged the amount owed to him. *Id.*

Henley Mining, Inc. filed a Complaint in diversity in this Court seeking a determination of fair value pursuant to Kentucky's Dissenters' Rights Statutes. *See* Ky. Rev. Stat. Ann. §271B.13-010. In May, 2017, Mr. Parton filed a motion to dismiss the case on the grounds that this Court lacked subject matter jurisdiction. [R. 7.] After considering the motion, applicable law, and the arguments of the parties, the Court elected to abstain from hearing the controversy, invoking the doctrine of *Burford* abstention. [R. 10.] Henley Mining moved this Court to reconsider its previous ruling, on the grounds that the Court made a clear error of law. [R. 11.] The Court granted that motion [R. 14], and now turns again to the Motion to Dismiss.

## II

### A

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) come in two varieties: a facial attack or a factual attack. *Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack "questions merely the sufficiency of the pleading." *Id.* When a motion raises a facial attack, the Court must accept all the "allegations in the complaint as true," and "if those allegations establish federal claims, jurisdiction exists." *Id.* On the other hand, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When the 12(b)(1) motion factually attacks subject matter jurisdiction, "no presumptive truthfulness applies to the allegations," and the court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330. All of

Defendants' 12(b)(1) arguments are properly analyzed below as factual attacks on subject matter jurisdiction.

**B**

It is a longstanding truism that federal laws are "the supreme Law of the land; . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." *Altria Group, Inc. v. Good*, 555 U.S. 70, 76 (6th Cir. 2008) (quoting U.S. Const., Art. VI, cl. 2). Consistent with the Supremacy Clause, federal jurisdiction prevails over conflicting state forum provisions. *See Fidelity Federal Sav. And Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 152–53, 102 S. Ct. 3014, 73 L. Ed. 2d 664 (1982). As stated in *Farm Bank v. Reardon*, "[c]onflict preemption occurs where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *State Farm Bank v. Reardon*, 539 F.3d 336, 342 (6th Cir. 2008) (quoting *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 89, 112 S. Ct. 2374, 120 L. Ed. 73 (1992)).

**1**

The Court exercises diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). The parties do not dispute that they are diverse or that the amount in controversy requirement is met.

Nevertheless, Mr. Parton argues that this Court lacks subject matter jurisdiction to hear this case because "[t]he Dissenter's Rights Statute is clear that a corporation's petition for determination of the fair value of its shares must be filed 'in the Circuit Court of the county

where a corporation's principal office . . . is located.'" [R. 7-1 at 4 (citing K.R.S. § 271B13-300(2)).] For Henley Mining, that means Bell County, Kentucky. The Dissenter's Rights Statutes include the proviso that the circuit court of the county in which a corporation has its principal office shall have "plenary and exclusive" jurisdiction over dissenter's rights actions involving that corporation. K.R.S. § 271B.13-300(4). For these reasons, Mr. Parton believes that Bell Circuit Court—and only Bell Circuit Court—has jurisdiction over this case. Therefore, the issue is whether federal diversity jurisdiction must cede to the "plenary and exclusive" language of Kentucky's Dissenter's Rights statutes. The Court finds that it must not.

Generally speaking, "[j]urisdiction is created by the law of the court's creating and cannot be defeated by the extraterritorial operation of a [state] statute . . ., even though it created the right of action." *Marshall v. Marshall*, 547 U.S. 293, 314 (2006). Diversity jurisdiction is authorized by 28 U.S.C. § 1332, a federal statute. The Kentucky legislature's inclusion of the "plenary and exclusive" language in the dissenter's right statute directly infringes upon the Court's congressionally authorized diversity jurisdiction. The Supremacy Clause mandates that it must yield to the federal statute. While there are exceptions to this general rule, the Court can find, and the parties have not referenced, any exception that would apply here.

**2**

Mr. Parton's second argument is that federal courts lack subject matter jurisdiction over this proceeding because it is administrative in nature. In support of this proposition he cites *Ackermann Enters v. City of Bellevue*. *Ackermann v. City of Bellvue*, 2016 U.S. Dist. LEXIS 127198 (E.D. Ky. Sept. 19, 2016).

The Plaintiff in *Ackermann* brought, among other things, an inverse condemnation claim against the state of Kentucky. The Court in *Ackermann* declined to exercise diversity

jurisdiction over Plaintiff's inverse-condemnation claim not because it was "administrative in nature," but because his claim was not ripe for federal review. *Ackermann v. City of Bellevue*, 2016 U.S. Dist. LEXIS 127198, *21. In reaching its conclusion, the Court in Ackermann applied the rationale of *Williamson*, which holds "'[i]f the [state] government has provided an adequate process for obtaining compensation,' then a landowner 'has no claim against the government for a taking.'" *Id.* at * 25 (quoting *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–95 (1985)). In Kentucky, where Ackermann's land was situated, the process provided was a cause of action for inverse condemnation. *Ackermann*, 2016 U.S. Dist. LEXIS 127198 at *27. Put differently, because Ackermann's alleged injury was a taking without just compensation, Ackermann had to first seek compensation before bringing his claim to federal court. The Court in *Ackermann* pointed out that often states form land-use agencies to handle these types of matters. *Id.* at *29. Just because Kentucky has not formed such an agency and instead requires landowners to file an inverse condemnation claim in state court does not mean they may skip over that step and initiate litigation in federal court. *Id.* In other words, because Kentucky had neither compensated Ackermann for the taking, nor refused to do so, his claim was not ripe for federal review.

All of that to say, what occurred in *Ackermann* is entirely dissimilar from the case at hand. The logic employed by the Court in *Ackermann* does not apply here. If the state court, hearing Mr. Parton's dissenter's rights claim, ruled against him, he could not then assert his dissenter's rights in federal court. In contrast, had Ackermann not received just compensation via Kentucky's compensation procedures, he could have asserted his claim in federal court as a violation of his Fifth Amendment rights. *Ackermann*, 2016 U.S. Dist. LEXIS 127198 at * 30 ("After following the designated state procedures, a landowner can come to court arguing that

5

those procedures 'fail[ed] to provide [him] adequate compensation' and thus violated the Firth Amendment.") (quoting *Williamson*, 473 U.S at 195.))

Thus, *Ackermann* does not support Mr. Parton's proposition that proceedings brought pursuant to Kentucky's dissenter's rights statutes are administrative in nature and in fact has no bearing on this case. Furthermore, while Kentucky's courts have only been tasked with resolving dissenter's rights controversies a handful of times, a survey of those cases furnishes no evidence that anyone involved considered the proceedings to be merely administrative. *See Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542 (Ky. 2011); *Brooks v. Brooks Furniture Mfgr., Inc.*, 325 S.W.3d 904 (Ky. App. 2010); *Ford v. Courier-Journal Job Printing Co.*, 639 S.W.2d 553 (Ky. App. 1982) (interpreting an earlier version of Kentucky's dissenter's rights statutes).

### III

For the foregoing reasons, and being otherwise sufficiently advised, the Court hereby **ORDERS** Defendant David E. Parton's Motion to Dismiss **[R. 7]** is **DENIED**.

This the 26th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge